UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:17-cv-24309-KMW

SAMSON DELNE,

        Plaintiff,

v.

RED COATS, INC.

        Defendant.

_____/

**DEFENDANT'S MOTION TO ESTABLISH ENTITLEMENT TO ATTORNEYS FEES FOR DEFENDING AGAINST FRIVOLOUS RETALIATION CLAIM AND MOTION TO BIFURCATE ISSUE OF ENTITLEMENT AND AMOUNT OF FEES**

Defendant, RED COATS, INC. ("Defendant"), by and through the undersigned counsel, pursuant to Section 760.11, Fla. Stat., 42 U.S.C. § 2000e-5 and S.D. Fla. Local Rule 7.3, hereby files this Motion to Establish Entitlement to Attorneys' Fees and Motion to Bifurcate the Issue of Entitlement to and the Amount of Fees, and in furtherance thereof states as follows:

**INTRODUCTION**

On October 18, 2017, Plaintiff filed a two-count Complaint alleging discrimination and retaliation on the basis of his national origin (Haitian) in violation of the Florida Civil Rights Act ("FCRA"), Fla. Stat. § 760.01, *et seq*. (Compl., D.E. 7-1, at ¶¶ 1, 23, 38). On November 29, 2017, Defendant removed this action to federal court based on diversity jurisdiction.

On December 5, 2017, Defendant moved to dismiss Plaintiff's original Complaint. Specifically, Defendant moved to dismiss, among other things, Plaintiff's retaliation claim because Plaintiff did not and could not truthfully allege that he engaged in statutorily protected expression

and because his Complaint admitted that Plaintiff engaged in the misconduct underlying Defendant's decision to terminate his employment.  *See id.* at ¶ 16.

On December 19, 2017, in lieu of substantively responding to Defendant's Motion, Plaintiff filed a First Amended Complaint and Plaintiff's Response in Opposition to Defendant's Motion stated only that the Motion was now moot.[1]  The Amended Complaint alleged discrimination under the FCRA, ***withdrew the retaliation claim***, and added a claim under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") for allegedly unpaid minimum wages.

While Defendant is pleased that Plaintiff withdrew his baseless retaliation claim, it should never have been required to expend its resources in defending against that count in the first instance.  Because the FCRA gives rise to fees in favor of the prevailing party, Defendant asks the Court for an order establishing its right to entitlement to fees.  If the Court agrees that Defendant is entitled to fees as the prevailing party as to the retaliation claim, it asks the Court to bifurcate the issue of entitlement and amount of fees, so that Defendant can confer with Plaintiff in accord with Local Rule 7.3 to attempt to agree on the amount of recoverable fees.

**I.  DEFENDANT IS ENTITLED TO ITS FEES UNDER SECTION 760.11, FLA. STAT. AND 42 U.S.C. § 2000e-5 BECAUSE IT IS THE PREVAILING PARTY AND PLAINTIFF'S RETALIATION CLAIM WAS FRIVOLOUS, UNREASONABLE, AND WITHOUT FOUNDATION.**

The FCRA states that "[i]n any action or proceeding under this subsection, the court, in its discretion, may allow the prevailing party a reasonable attorney's fee as part of the costs." § 760.11(5), Fla. Stat.  The FCRA further states that "[i]t is the intent of the Legislature that this provision for attorney's fees be interpreted in a manner consistent with federal case law involving

---

[1]   Plaintiff also bizarrely provided a vague, one-sentence argument stating that Defendant is ignoring the relaxed pleading standard for "straightforward" FLSA claims; however, the original Complaint did not assert an FLSA claim.

a Title VII action." <u>Id.</u>  Accordingly, Defendant looks to federal authority to establish its entitlement to fees.

It is well-settled that a prevailing defendant in a Title VII case may be awarded its attorney's fees where "the plaintiff's claim was 'frivolous, unreasonable, <u>*or*</u> without foundation, even though not brought in subjective bad faith.'"  *Jerelds v. City of Orlando*, 194 F. Supp. 2d 1305, 1329 (M.D. Fla. Mar. 27, 2002) (quoting *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 421 (1978) (emphasis added)).

**A.      Defendant is the Prevailing Party with Respect to Plaintiff's Retaliation Claim**

The first item at issue is whether Defendant was the prevailing party on Plaintiff's retaliation claim.  Defendant submits that it was.  In response to Defendant's Motion to Dismiss the original Complaint, Plaintiff filed a First Amended Complaint and, in his Response in opposition, stated that Defendant's Motion should be denied because it was mooted by the Amended Complaint.  Notably, Plaintiff's amended pleading **withdrew his retaliation claim**.

Defendant submits that Plaintiff's withdrawal of the retaliation claim was done to avoid an adverse ruling on that claim and, therefore, Defendant is the prevailing party on that claim.  *See Jerelds v. City of Orlando*, 194 F. Supp. 2d 1305, 1329 (M.D. Fla. Aug. 1, 2001) ("It is clear that Jerelds withdrew his claim to avoid an unfavorable judicial determination that was imminent. Defendants prevailed over Jerelds's legally baseless retaliation claim. Defendants are entitled to fees under 42 U.S.C. § 2000e -5(k)") *modified in part by* 194 F. Supp. 2d 1305, 1310-11 (M.D. Fla. Mar. 27, 2002) (removing attorney liability for fees, but upholding fee award in toto by adopting magistrate report and recommendation awarding employer fees under 42 U.S.C. § 2000e -5(k)); *see also Mattix v. Dekalb County Sch. Dist.*, Case No. 1:13-CV-2501-RWS, 2014 U.S. Dist. LEXIS 147281 (N.D. Ga. Oct. 16, 2014) (awarding defendant fees under 42 U.S.C. § 2000e-5(k)

and stating, "[t]he claims from her original Complaint that she abandoned in her proposed Amended Complaint lacked facts in support of the claims. Therefore, as to all of these claims, the Court concludes that they were frivolous").

Accordingly, because Plaintiff voluntarily withdrew his retaliation claim, Defendant is the prevailing party.

> **B.      Plaintiff's Retaliation Claim Was Frivolous, Unreasonable, and Without Foundation**

The second item at issue is whether the retaliation claim asserted in the original Complaint was frivolous, unreasonable, or without foundation.  Defendant submits that it was all three.

"[T]he Eleventh Circuit looks to three factors in determining whether a prevailing defendant is entitled to an award of attorney's fees: 1.) whether plaintiffs established a prima facie case; 2.) whether defendant offered to settle; and 3.) whether the action was decided on dispositive motions rather than at a trial on the merits." *Gamb v. Hilton Hotels Corp.*, Case No. 95-466-CIV-ORL-19, 1997 U.S. Dist. LEXIS 24231, *10 (M.D. Fla. Sept. 4, 1997) (citing *Head v. Medford*, 62 F.3d 351, 356 (11th Cir. 1995); *Sullivan v. School Bd. of Pinellas County*, 773 F.2d 1182, 1189 (11th Cir. 1985)); *see also Robinson v. Alutiiq-Mele, LLC*, 643 F. Supp. 2d 1342, 1353 (S.D. Fla. Mar. 10, 2009).  "However, these factors are only general guidelines; 'determinations regarding frivolity are to be made on a case-by case basis.'" *Robinson*, 643 F. Supp. 2d at 1353 (S.D. Fla. Mar. 10, 2009) (quoting *Sullivan*, 773 F.2d at 1189).

"In applying these three factors, the Court must remain cognizant of the definition of frivolity -- whether an argument is 'so lacking in arguable merit as to be groundless or without foundation.'" *Gamb*, 1997 U.S. Dist. LEXIS 24231 at *10 (quoting *Sullivan*, 773 F.2d at 1188). A court may rightfully award fees where a plaintiff has "asserted a claim which was based knowingly on a nonexistent interest."  *See id.*

As to the first factor, Defendant should be awarded its fees and costs because the retaliation claim was baseless from the outset and Plaintiff knew he could not truthfully allege a retaliation claim.

Specifically, it is well-settled that for a retaliation claim, a plaintiff must please and "prove that (1) []he engaged in statutorily protected activity, (2) []he suffered a materially adverse action, and (3) there was some causal relation between the two events." *Fuller v. Edward B. Stimpson Co., Inc.*, 971 F. Supp. 2d 1146, 1166 (S.D. Fla. 2013) (citing *Goldsmith v. Bagby Elevator Co.*, 513 F.3d 1261, 1277 (11th Cir. 2008)); *St. Louis v. Fla. Int'l Univ.*, 60 So. 3d 455, 461 (Fla. 3d DCA 2011). Further, "there are two means by which a person may engage in statutorily-protected activity – opposition and participation." *Azoy v. Miami-Dade County*, No. 02-20757-CIV-MARTINEZ, 2003 U.S. Dist. LEXIS 25048, *5-6 (S.D. Fla. Jun. 10, 2003); *Cardelle v. Miami Beach FOP*, No. 11-24273-CIV-ZLOCH, 2014 U.S. Dist. LEXIS 166207, *39 (S.D. Fla. Sept. 30, 2014). "Under the opposition clause, an employer may not retaliate against an employee because the employee 'has opposed any practice made unlawful employment practice by this subchapter.'" *Azoy*, 2003 U.S. Dist. LEXIS 25048 at *5-6. Under the participation clause, an employer may not retaliate against an employee because the employee 'has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.'" *Id.*

In his original Complaint, Plaintiff did not allege that he engaged in statutorily protected activity. Because he could not truthfully make that allegation, his retaliation claim was withdrawn from his First Amended Complaint. Defendant submits that Plaintiff should have known before the outset of this litigation that a retaliation claim would <u>not</u> be supported by any facts. Plaintiff's counsel needed to ask only two question to determine the viability of a retaliation claim: (1) Did you complain about discrimination? (2) Did you participate in an investigation, proceeding, or

hearing regarding discrimination or retaliation?  Moreover, the legitimacy of Plaintiff's retaliation

claim was belied by his admission that he engaged in the conduct underlying Defendant's decision

to terminate.  (Compl., D.E. 7-1, at ¶ 16.)  Thus, Plaintiff and/or his counsel, should have known,

prior to filing the original complaint, that Plaintiff could not truthfully allege (let alone prove) the

*prima facie* case of retaliation.  Proof that the retaliation claim was without merit is apparent from

the fact that in response to Defendant's Motion to Dismiss, Plaintiff withdrew that claim.

The second and third factors also favor granting Defendant its fees.  As to the second factor,

Defendant submits that the parties are engaged in good faith settlement discussions, despite

Defendant's position that all of Plaintiff's claims are baseless.  As to the third factor, Defendant

submits that it would have prevailed on its Motion to Dismiss the retaliation claim, prior to trial

on the merits.  Accordingly, Defendant respectfully requests that this Court issue an order finding

that Defendant is entitled to recover the fees it expended in seeking dismissal of the retaliation

claim.

## II.   IF THE COURT RULES DEFENDANT IS ENTITLED TO FEES, THE COURT SHOULD BIFURCATE THE ISSUES OF ENTITLEMENT AND AMOUNT OF FEES, AND PERMIT ADDITIONAL BRIEFING AFTER THE CONFERRAL REQUIRED BY LOCAL RULE 7.3.

Federal Rule of Civil Procedure 54(d)(2)(C) provides that, with respect to a motion for

attorneys fees, "[t]he court may decide issues of liability for fees before receiving submissions on

the value of services." The same rule exists under Rule 7.3 of the S.D. Fla. Local Rules.  L.R.

7.3(a) ("Pursuant to Federal Rule of Civil Procedure 54(d)(2)(C), either party may move the Court

to determine entitlement prior to submission on the issue of amount").

Some courts implement this bifurcation for attorneys' fees motions as a routine practice in

their local rules. *See* Local Rules, Northern District of Florida, Rule 54.1(D) "Bifurcated Procedure

for determining Attorney's Fees." Courts have found that bifurcating a motion for attorneys' fees

into an entitlement stage and a valuation/reasonableness stage is ideal, and allows the court and the parties to save significant resources. *See Palazzolo v. Benson*, 82 F.3d 418, *3 (6th Cir. 1996) (noting that "[t]he initial issue is whether the party is entitled to fees at all. Once the Court decides that the prevailing party is in fact entitled to fees, the Court should allow the prevailing party to offer evidence of fees and allow the non-prevailing party to challenge the reasonableness of those fees.").

An Order bifurcating the entitlement and amount of fees is appropriate because it would save both parties' time and resources necessary to go through the detailed conferral steps required under Local Rule 7.3 in an attempt to reach agreement on an amount of fees.  It is likely the parties will be unable to agree on this issue if the question of entitlement remains unanswered.

In sum, to avoid unnecessary litigation, Defendant seeks a ruling on the determinative issue of entitlement prior to responding to the amount of fees, if any, to which Defendant may be entitled. Resolving the issue of entitlement first may prevent the expense of expert fees and unnecessary litigation on the reasonableness of attorneys' fees.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendant respectfully requests that this Court grant the instant Motion and enter an Order finding that Defendant is entitled to recover its fees in defending the frivolous and now-dismissed retaliation claim and an Order bifurcating the issues of entitlement and amount of fees.

Respectfully submitted,

By: s/ Mendy Halberstam
    Mendy Halberstam, Esq.
    Florida Bar No. 68999
    E-mail: *mendy.halberstam@jacksonlewis.com*
    Naveen Paul, Esq.

CASE NO. 1:17-cv-24309-KMW

Florida Bar No. 98059
E-mail: *naveen.paul@jacksonlewis.com*
JACKSON LEWIS P.C.
One Biscayne Tower, Suite 3500
2 South Biscayne Boulevard
Miami, FL 33131
Telephone: 305-577-7600
Facsimile:  305-373-4466
*Attorneys for Defendant*

## CERTIFICATE OF CONFERRAL PURSUANT TO LOCAL RULE 7.1(a)(3) and 7.3

On January 18, 2018, counsel for Defendant, Naveen Paul, electronically mailed a copy of this Motion to Plaintiff's counsel, Anthony M. Georges-Pierre, Esq. and Rainier Regueiro, Esq., and asked whether the parties could discuss the issues raised and reach an agreement on the instant Motion.   On January 22, 2018, Plaintiff's counsel, Rainier Regueiro, responded that "Plaintiff objects" to this Motion.   The same day, defense counsel, Mendy Halberstam, asked Plaintiff's counsel to engage in a meaningful conferral via telephone.   As of the date of filing of this Motion, defense counsel has not received a response or further communication from Plaintiff's counsel.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing document is being served on February 2, 2018 on all counsel of record on the service list below via transmission of Notices of Electronic Filing generated by CM/ECF.

s/Naveen Paul
Naveen Paul, Esq.

CASE NO. 1:17-cv-24309-KMW

## SERVICE LIST

*Samson Delne v. Red Coats, Inc.*
*United States District Court Southern District of Florida*

**CASE NO. 1:17-cv-24309-KMW**

Anthony M. Georges-Pierre, Esq.
Florida Bar No. 533637
E-mail: agp@rgpattorneys.com
pn@rgpattorneys.com
Rainier Regueiro, Esq.
Florida Bar No. 115578
E-mail: rregueiro@rgpattorneys.com

REMER & GEORGES-PIERRE, PLLC
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005
*Attorneys for Plaintiff*

Mendy Halberstam, Esq.
Florida Bar No. 68999
E-mail: mendy.halberstam@jacksonlewis.com
Naveen Paul, Esq.
Florida Bar No. 98059
Email: naveen.paul@jacksonlewis.com

JACKSON LEWIS P.C.
One Biscayne Tower
2 South Biscayne Boulevard, Suite 3500
Miami, Florida 33131
Telephone: (305) 577-7600
Facsimile:  (305) 373-4466
*Attorneys for Defendant*