UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-24309-Civ-WILLIAMS/TORRES

SAMSON DELNE,

    Plaintiff,

v.

RED COATS, INC.,

    Defendant.

_____/

REPORT AND RECOMMENDATION
ON DEFENDANT'S MOTION TO DISMISS AND
MOTION FOR PARTIAL SUMMARY JUDGMENT

This matter is before the Court on Red Coats, Inc.'s ("Defendant") motion to dismiss and motion for partial summary judgment against Samson Delne ("Plaintiff"). [D.E. 7]. Plaintiff responded on January 12, 2018 [D.E. 10] to which Defendant replied on January 26, 2018. [D.E. 15]. Therefore, Defendant's motion is now ripe for disposition. After careful consideration of the motion, response, reply, relevant authority, and for the reasons discussed below, Defendant's motion to dismiss and motion for partial summary judgment should be **GRANTED in part** and **DENIED in part**.[1]

---

[1]    On April 18, 2018, the Honorable Kathleen Williams referred Defendant's motion to the undersigned Magistrate Judge for disposition. [D.E. 23].

1

## *I. FACTUAL AND PROCEDURAL BACKGROUND*

Defendant employed Plaintiff as a security guard from March 7, 2014 until June 12, 2016. On his last day of work, Plaintiff needed to call Haiti because of a family emergency. Plaintiff attempted to call Haiti with his personal phone, but the call was unsuccessful. Shortly thereafter, Human Resources accused Plaintiff of making phone calls to Haiti and accumulating phone charges on the company's account.[2] Plaintiff claimed that he never called Haiti on the company's phone and that there are other Haitian employees that might be responsible for the charges. Plaintiff then alleged that he was pressured into signing a document accusing him of making the calls and authorizing Defendant to collect the amount owed for the phone charges. On June 12, 2016, Plaintiff was terminated upon signing the document. Plaintiff claimed that had he not been Haitian, he would have kept his job. Plaintiff also alleged that, after he signed an Employee Payroll Deduction Authorization Form, Defendant withheld $283.47 from his final paycheck. Plaintiff suggested that his pay should have been $400 for his last week of work, but that he was only paid $116.53 and is therefore owed $173.47 in unpaid minimum wages under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA").

On October 18, 2017, Plaintiff filed a two-count complaint in Florida state court alleging discrimination and retaliation on the basis of his national origin (Haitian) in violation of the Florida Civil Rights Act ("FCRA"), Fla. Stat. § 760.01, *et seq*. On November 29, 2017, Defendant removed this action to federal court on the

---

[2] Defendant claims that Plaintiff made international calls to Haiti from its front desk, amounting to 859 minutes and resulting in $283.47 in long-distance fees

2

basis of diversity jurisdiction.  [D.E. 1].  On December 5, 2017, Defendant moved to dismiss Plaintiff's complaint.  Specifically, Defendant moved to dismiss, among other things, Plaintiff's retaliation claim because Plaintiff did not allege that he engaged in any statutorily protected activity.  On December 19, 2017, Plaintiff filed a first amended complaint ("FAC").  The FAC alleged discrimination under the FCRA, withdrew the retaliation claim, and added a claim under the FLSA for unpaid minimum wages.

## *II. APPLICABLE PRINCIPLES AND LAW*

In ruling on Defendant's motion, this Court takes the allegations in the complaint as true and construes the allegations "in the light most favorable to the plaintiffs."  *Rivell v. Private Health Care Systems, Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008) (citing *Hoffman–Pugh v. Ramsey*, 312 F.3d 1222, 1225 (11th Cir. 2002)). "When considering a motion to dismiss, all facts set forth in [Plaintiff's] complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'"  *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long Cnty.*, 999 F.2d 1508, 1510 (11th Cir. 1993)).  A motion to dismiss under Rule 12(b)(6) "is granted only when the movant demonstrates that the complaint has failed to include 'enough facts to state a claim to relief that is plausible on its face.'"  *Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions . . . ." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted) (alteration in original). "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . ." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557) (alteration in original). Factual content gives a claim facial plausibility. *Id.* "[A] court's duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to re-write it for [the plaintiff]." *Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993).

### III. ANALYSIS

Defendant's motion seeks to dismiss Count I of Plaintiff's FAC with prejudice and partial summary judgment, or in the alternative to dismiss, with respect to Count II. Broadly speaking, Defendant seeks dismissal or summary judgment on Plaintiff's claims because (1) Plaintiff failed to allege that he received a notice of right to sue and neglected to attach the notice to his FAC, (2) Plaintiff cannot establish a *prima facie* case of disparate treatment based on national origin, (3) Plaintiff admitted he engaged in conduct giving rise to Defendant's decision to terminate his employment as a security guard, and (4) Plaintiff acknowledged that

he signed an authorization form allowing Defendant to make a paycheck deduction. We will consider Defendant's arguments in turn.

### A.   *Whether Plaintiff Exhausted his Administrative Remedies*

Defendant's initial argument is that Plaintiff has not alleged that he was given a right to sue letter nor did he attach a copy of the letter to the FAC. The failure to make any allegations regarding the notice of the right to sue purportedly makes it impossible to know whether Plaintiff exhausted his administrative remedies or whether Plaintiff has the right to pursue his FCRA claims in court. Because a right to sue letter is a prerequisite to filing a FCRA claim, Plaintiff concludes that the FAC must be dismissed.

In response, Plaintiff explains that the reason he did not attach a right to sue letter to the FAC is because the Florida Commission on Human Relations ("FCHR") failed to make a determination within the allotted time of 180 days.[3] Plaintiff relies primarily on the Florida Supreme Court's decision in *Woodham v. Blue Cross & Blue Shield of Fla., Inc.*, where the Court held that "whenever the FCHR fails to make its determination within 180 days . . . the claimant may proceed to file a lawsuit" subject to a four-year statute of limitations. 829 So. 2d 891, 899 (Fla. 2002). Because the FCHR did not make a determination within 180 days and Plaintiff attached his charge of discrimination to the FAC (and in response to Defendant's motion), Plaintiff concludes that Defendant's argument lacks merit.

Under Florida law, section 760.11(8) states that an aggrieved person may bring a civil action if the Commission fails to make a determination of cause "within

---

[3]   The FAC includes the charge of discrimination as an attachment.

5

180 days of the filing of the complaint." Fla. Stat. § 760.11(8). "A plaintiff bringing a cause of action to civil court after the Commission fails to make a determination within 180 days must comply with a four year limitations period." *Luke v. Residential Elevators, Inc.*, 2011 WL 311370, at *5 (N.D. Fla. Jan. 28, 2011) (citing Fla. Stat. § 95.11(3)(f); *Joshua v. City of Gainesville,* 768 So.2d 432, 439 (Fla. 2000) (holding that a four year statute of limitations "for causes of action based on statutory liability . . . applies to situations where the Commission has not made a reasonable cause determination within 180 days.")).

Plaintiff's response is well taken because he has met all the relevant prerequisites to bringing a civil suit under the FCRA. Plaintiff filed his charge of discrimination on May 16, 2017 and the Commission failed to make a determination within 180 days. This means that "any determination received after the 180 day period . . . does not bar [Plaintiff[ from bringing a civil suit," because Plaintiff filed this action within the four year statute of limitations. *Luke*, 2011 WL 311370, at *5. Plaintiff also alleged in the FAC that "[a]ll conditions precedent for the filing of this action . . . have been previously met, including the exhaustion of all pertinent administrative procedures and remedies." [D.E. 5 at ¶ 12]. Accordingly, if we accept his allegations as true (as we must at this stage of the litigation), Plaintiff has exhausted all of his administrative remedies and therefore Defendant's motion to dismiss on this basis should be **DENIED**.

  **B.** ***Whether Plaintiff Stated a Claim for National Origin Discrimination***

  Defendant's second argument is that Count I of the FAC should be dismissed because Plaintiff failed to plead any facts plausibly suggesting that Defendant treated similarly situated employees outside of his protected class more favorably. Defendant contends that the only relevant allegation that appears in the FAC is that "[h]ad [Plaintiff] not been Haitian, he could have kept his job" and that Plaintiff "believes he was discriminated against." [D.E. 5 at ¶¶ 26-31]. Defendant argues that these allegations are insufficient under *Twombly* and *Iqbal* because the allegations are conclusory and omit any reference to comparators. Moreover, Defendant argues that – by adding facts that Defendant knew of Plaintiff's urges to call Haiti – Plaintiff implicitly admitted that he was *not* targeted or subjected to discrimination. Because Plaintiff failed to allege that an employee outside his protected class was similarly situated and treated better with respect to a term or condition of employment because of national origin, Defendant concludes that the FAC must be dismissed.

  Plaintiff's response is that all the required allegations in support of a FCRA claim have been pled because Defendant wanted "a scape goat of Haitian national origin, to make an example of and use as a deterring effect on other Haitian employees; and also in order to recoup the charges previously charged for phone calls to Haiti by an unknown individual." [D.E. 5 at ¶ 21]. This allegedly shows that Defendant would not have chosen to target anyone other than a person of

Haitian descent.  Therefore, Plaintiff believes that similarly situated individuals of a different national origin would have been safe from termination.

Under the FCRA, "[i]t is an unlawful employment practice for an employer . . . [t]o discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's . . . national origin . . . ." Fla. Stat. § 760.10 (1)(a).  To establish a *prima facie* case for discrimination under Title VII[4] and the FCRA, a plaintiff must show: (1) he is a member of a protected class; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) he was treated less favorably than a similarly situated individual outside his protected class. *See Manniccia v. Brown,* 171 F.3d 1364, 1368 (11th Cir. 1999); *Harper v. Blockbuster Entm't Corp.,* 139 F.3d 1385, 1387 (11th Cir. 1998) ("The Florida courts have held that decisions construing Title VII are applicable when considering claims under the Florida [ ] Act, because the Florida [A]ct was patterned after Title VII.").

Under the *McDonnell Douglas* framework, once the plaintiff has established a *prima facie* case, which creates a presumption of unlawful discrimination against the employee, the employer may then rebut that presumption with legitimate, nondiscriminatory reasons for the adverse employment action.  The employee must then proffer sufficient evidence to create a genuine issue of material fact that

---

[4]   The FCRA is modeled after Title VII, *Joshua,* 768 So. 2d at 435, and decisions construing Title VII are applicable to claims under the FCRA. *Jiles v. United Parcel Serv., Inc.,* 360 F. App'x 61, 63 (11th Cir. 2010) (citing *Harper,* 139 F.3d at 1387).  Therefore, the analysis of the FCRA claim is identical.

8

defendant's articulated reasons were pretextual. *See Crawford v. Carroll,* 529 F.3d 961, 976 (11th Cir. 2008); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). However, Plaintiff need not satisfy the *McDonnell Douglas* framework at the pleading stage in order to state a claim. *See Uppal v. Hosp. Corp. of Amer.,* 482 F. App'x 394, 396 (11th Cir. 2012). In other words, "[a]lthough a Title VII complaint need not allege facts sufficient to make out a classic *McDonnell Douglas prima facie* case, it must provide enough factual matter (taken as true) to suggest intentional . . . discrimination." *Scribner v. Collier County,* 2012 WL 1058149, at *3 (M.D. Fla. Mar. 28, 2012) (citing *Davis v. Coca–Cola Bottling Co. Consol.,* 516 F.3d 955, 974 (11th Cir. 2008) (noting that at the pleading stage "a Title VII complaint need not allege facts sufficient to make out a class *McDonnell Douglas prima facie* case")).

After a thorough review of the FAC and the allegations presented therein, we find that Plaintiff has failed to allege all the required elements of a FCRA claim. Indeed, many courts have dismissed discrimination claims when the allegations related to similarly situated employees are insufficiently pled. For example, in *Uppal*, the district court noted that plaintiffs' complaint stated in a conclusory fashion that other similarly situated employees were not treated in the same way as plaintiff with respect to gender, race, and national origin. *See* 2011 WL 2631869, at *1-3. The court also found that plaintiff did not allege any facts to support these conclusory allegations and that courts frequently dismiss discrimination claims when the allegations of disparate treatment are nothing more than legal

9

conclusions unsupported by any facts. *See id.* at *3 (citing a number of cases for this proposition).

On appeal, the Eleventh Circuit affirmed on the basis that the plaintiff failed to allege enough facts to describe how plaintiff's comparators were outside of her protected class:

> Dr. Uppal has stated multiple claims for employment discrimination based solely on the repeated allegation that "[o]ther similarly situated employees outside Plaintiff's protected classes" engaged in similar misconduct, but were not disciplined. Indeed, this allegation recites a crucial element of a *prima facie* Title VII case where the alleged discrimination is based solely on an employer's disparate treatment of employee misconduct. *See, e.g., Burke–Fowler v. Orange Cnty., Fla.,* 447 F.3d 1319, 1323 (11th Cir. 2006). However, Dr. Uppal never once supplements these allegations of disparate treatment with any factual detail, such as even a brief description of how the alleged comparator employees were outside of her protected class. This being the case, Dr. Uppal has alleged no facts to support that gender, race or national origin played any role in the disparate treatment. *See Iqbal,* 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action . . . do not suffice."). Therefore, the district court did not err in dismissing Dr. Uppal's employment discrimination claim.

*Uppal*, 482 F. App'x at 396.

Here, Plaintiff has pled far less allegations than the defective complaint in *Uppal* because – at least in that case – there were conclusory allegations that other similarly situated employees outside of Plaintiff's protected class engaged in similar misconduct. But, in this case, the FAC does not contain a *single* reference to similarly situated employees[5], let alone any factual allegations demonstrating that

---

[5] Plaintiff is not required to name specific employees as comparators to satisfy the elements of a FCRA claim. *See Veale v. Fla. Dep't of Health*, 2013 WL 5703577, at *5 (M.D. Fla. July 29, 2013) ("It does not appear that Plaintiff is required to name specific employees at the pleading stage.").

national origin was the reason for Plaintiff's termination.[6]  And in the absence of plausible factual allegations, Plaintiff "cannot merely invoke h[is] . . . national origin in the course of a claim narrative and automatically be entitled to pursue relief."  *Uppal*, 2011 WL 2631869, at *1-3.  This means that, while it may be true that Plaintiff need not prove a *prima facie* case to satisfy the *McDonnell Douglas* framework at the motion to dismiss stage, "Plaintiff is still required to properly plead a cause of action pursuant to *Twombly* and *Iqbal*."[7]  *Veale*, 2013 WL 5703577, at *5 (dismissing complaint because plaintiff alleged in conclusory fashion that similarly situated employees were treated more favorably).  Because Plaintiff failed

---

[6]  Plaintiff also did not allege direct evidence of discrimination.

[7]  *See, e.g., Aiello v. Stamford Hosp. Inc.,* 2010 WL 3925451, at *4 (D. Conn. Sept. 29, 2010) ("Plaintiff's disparate treatment claim fails to survive *Iqbal* pleading requirements as he fails to allege, beyond conclusory language, facts demonstrating . . . how actions occurred under the circumstances giving rise to an inference of discrimination"); *Hogan v. Anasazi Found.,* 2010 WL 3724751, at *2 (D. Ariz. Sept. 17, 2010) (plaintiff's complaint "alleges only bare conclusions and no factual allegations that demonstrate favorable treatment was given to male employment applicants or male employees"); *Mesumbe v. Howard Univ.,* 706 F. Supp. 2d 86, 92 (D.D.C. 2010) (Plaintiff "makes a conclusory allegation that similarly situated students of different national origin, ethnicity, and race have been treated differently and more favorably, but Plaintiff nowhere alleges that this disparate treatment was racially motivated.  Without some allegation indicating the intent behind these disparate outcomes, Plaintiff cannot state a claim for intentional discrimination."); *Curry v. Philip Morris USA, Inc.,* 2010 WL 431692, at *3 (W.D.N.C. Feb. 4, 2010) (plaintiff failed to allege specific facts explaining how the disparate treatment actually occurred or to identify the "similarly situated employees" outside of her protected class); *Brown v. Costco Wholesale Corp.,* 2009 WL 5170170, at *2 (D. Md. Dec. 18, 2009) (Plaintiff's "conclusory statement that non-African Americans have been treated more favorably, without more, is insufficient to state a cause of action for disparate treatment."); *Ansley v. Fla., Dep't of Revenue,* 2009 WL 1973548, at *2 (N.D. Fla. July 8, 2009) (Plaintiff did not "allege a factual basis for the conclusion that the others who were treated better were similarly situated . . . These allegations might have survived a motion to dismiss prior to *Twombly* and *Iqbal*.  But now they do not.").

11

(1) to allege any facts in support of his claim for national origin discrimination, or (2) mention whether any similarly situated employees outside of his protected class were treated more favorably, we conclude that Defendant's motion to dismiss Count I should be **GRANTED** without prejudice.[8]

### C. *Whether Defendant is Entitled to Partial Summary Judgment*

Next, Defendant argues that it is entitled to partial summary judgment on Plaintiff's FLSA claim because it is undisputed that Plaintiff authorized Defendant to deduct money from his final paycheck as reimbursement for his calls to Haiti. Defendant claims that Eric Bermudez ("Mr. Bermudez"), Human Resources Manager, compared the telephone bill to the timesheets of his employees. Mr. Bermudez then reviewed every call and compared it to the employees who worked each day a call was made. He discovered that Plaintiff was the only employee who worked all the dates and time during which the calls were made and who had a role at the front desk. When coupling this fact with Plaintiff's admission that he signed an authorization form allowing Defendant to deduct money from his wages for phone calls to Haiti, Defendant concludes that Plaintiff has no FLSA claim for an unlawful, unauthorized deduction. And, to the extent Plaintiff claims he was forced to sign the form, Defendant concludes that it is an undisputed fact that Plaintiff signed the document and that Defendant acted lawfully in reducing Plaintiff's pay.

Alternatively, even if the deduction to pay for a benefit received by Plaintiff is insufficient to permit the deduction, Plaintiff contends that Defendant was required

---

[8] Because we find that Count I should be dismissed for this reason, we need not consider Defendant's alternative arguments.

12

to reimburse the funds for misappropriating Defendant's money. Defendant suggests that it incurred $283.45 in charges for Plaintiff's personal telephone calls and that Defendant essentially committed a theft. Therefore, Defendant claims that there was no FLSA violation because Plaintiff authorized the deduction of his final paycheck and, at the very least, Plaintiff misappropriated Defendant's money.

Defendant's motion for partial summary judgment fails for at least two important reasons. First, Defendant seeks to have the Court convert its motion to dismiss into a motion for summary judgment on the basis that Plaintiff signed a deduction form. The Federal Rules of Civil Procedure provide that whenever a defendant files a motion to dismiss for failure to state a claim upon which relief can be granted, if "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." Rule 12(b)(6), Fed. R. Civ. P.; *see also Garfield v. NDC Health Corp.,* 466 F.3d 1255, 1260 n. 2 (11th Cir. 2006) ( "Normally, once the court decides to accept matters outside the pleading, it must convert the motion to dismiss into one for summary judgment.") (citation and internal quotation marks omitted); *Day v. Taylor,* 400 F.3d 1272, 1275–76 (11th Cir. 2005) ("The district court generally must convert a motion to dismiss into a motion for summary judgment if it considers materials outside the complaint."). But, it is not mandatory that the Court consider matters outside of the pleadings; rather, the decision of whether or not to do so is a matter of discretion. *See Jones v. Automobile Ins. Co. of Hartford, Conn.,* 917 F.2d 1528, 1531–32 (11th Cir. 1990) ("It is within the judge's discretion

13

to decide whether to consider matters outside of the pleadings that are presented to the court.").

Here, the Court cannot resolve a motion for summary judgment because this case remains in its infancy. Plaintiff just filed his complaint in November 2017 and the Court has not yet entered a Scheduling Order. Given the early stage of this case, it would be far too premature to rule on a motion for summary judgment when the relief Defendant seeks may "only be decided upon an adequate record." *WSBTV v. Lee,* 842 F.2d 1266, 1269 (11th Cir. 1988). Plaintiff should therefore be allowed to conduct adequate discovery to determine if there is any evidence to support his allegations that he was pressured to signing the deduction form. On this basis alone, Defendant's motion for partial summary judgment should be **DENIED**.

Second, Defendant's motion for partial summary judgment is unpersuasive because there are many issues of fact that remain to be determined. For instance, Defendant claims that it is undisputed that Plaintiff signed a deduction form and that this authorized Defendant to deduct money from Plaintiff's final paycheck. But, Plaintiff suggests that Defendant coerced him to sign the form, leaving open the plausible possibility that the document was signed under duress. Another issue of fact is Plaintiff's denial that he ever made any of the phone calls that resulted in charges to Defendant's phone account.[9] If Plaintiff never made the unauthorized calls and Defendant deducted money from Plaintiff's paycheck anyways, that

---

[9]   A separate issue of fact precluding entry of summary judgment is the question of whether the deduction of money from Plaintiff's paycheck constitutes an unlawful offset. *See, e.g., Singer v. City of Waco, Tex.*, 324 F.3d 813, 828 n.9 (5th Cir. 2003) (finding that offsets that reduce a worker's pay below the statutory minimum wage are unlawful).

14

constitutes an issue of fact that precludes entry of summary judgment. Or, as Plaintiff points out, another issue of fact exists as to whether Mr. Bermudez falsely told Plaintiff that if he signed the deduction form then Plaintiff would be allowed to keep his job. These are simply some of the many unresolved issues of fact that weigh against a motion for summary judgment. To adjudicate these fact-intensive issues on an incomplete record without affording Plaintiff a fair opportunity to conduct discovery would be both inequitable and inefficient. Therefore, Defendant's motion should be **DENIED** because this "action is in its infancy, there has been no discovery, and the parties are ill-equipped at this early stage to present all the evidence that would be required for a proper Rule 56" motion.[10] *Lay v. Hixon*, 2009 WL 825814, at *2 (S.D. Ala. Mar. 26, 2009).

---

[10] *See, e.g., Johnson v. Mobile County Sheriff Dep't,* 2007 WL 2023488, *2 n. 3 (S.D. Ala. July 9, 2007) (finding it inappropriate to convert motion to dismiss into motion for summary judgment, where parties were poorly equipped at early stage of case to all evidence needed for full-blown summary judgment review); *Jeter v. Montgomery County,* 480 F. Supp. 2d 1293, 1296 (M.D. Ala. 2007) (exercising discretion not to consider exhibits to brief relating to Rule 12(b)(6) motion, but instead ruling on merits of motion based on pleadings alone); *Moss v. W & A Cleaners,* 111 F. Supp. 2d 1181, 1185 (M.D. Ala. 2000) (declining to convert Rule 12(b)(6) motion to Rule 56 motion based on finding that it would be more appropriate to enter a scheduling order and allow the parties to conduct discovery); *Grillo v. John Alden Life Ins. Co.,* 939 F. Supp. 685, 686 (D. Minn. 1996) (disregarding affidavits submitted with motion to dismiss because "the court concludes that the parties are in no position to present all material pertinent to a motion for summary judgment"); *Griswold v. Alabama Dept. of Indus. Relations,* 903 F. Supp. 1492, 1494 (M.D. Ala. 1995) (declining to convert motion to dismiss into motion for summary judgment); *701 NPB Associates v. Federal Deposit Ins. Corp.,* 779 F. Supp. 1336, 1338 (S.D. Fla. 1991) (declining to consider affidavit based on determination "that it is inappropriate at this stage of the proceedings to convert Defendant's motion to dismiss into a motion for summary judgment").

### D.     *Whether Count II should be Dismissed*

The final issue is whether Plaintiff's FLSA claim in Count II should be dismissed because Plaintiff failed to allege sufficient facts supporting his allegation that the authorization form was invalid. Defendant argues that the authorization form is essentially a contract and to show that it was invalid, Plaintiff must allege a contract defense. Defendant claims that Plaintiff's only relevant allegation was that he was pressured into signing the document or that he might lose his job. But, Defendant contends that this allegation is insufficient to establish that the authorization form was invalid and that Count II must, at the very least, be dismissed so that Plaintiff can present additional facts to survive a motion to dismiss.

After careful review of the FAC and the arguments presented, we find that the complaint contains sufficient allegations to state a claim for a wage and hour violation under the FLSA. Defendant argues that the deduction form operates as a contract and that a defense must be asserted in the complaint for Count II to survive a motion to dismiss. But, Defendant fails to cite a single case that suggests that the deduction form operates as a contract, or any authority that the allegations fail to support a claim for a wage and hour violation. More importantly, the gravamen of Plaintiff's wage and hour violation is that he was paid lower than the statutory minimum wage, which is exactly what the FAC alleges. And while the question of *how* Plaintiff was paid lower than the statutory minimum wage may become an issue at the summary judgment stage, it does not warrant dismissal of

16

Plaintiff's complaint at this stage of the litigation. Accordingly, Defendant's motion to dismiss Count II should be **DENIED**.

## *IV. CONCLUSION*

For the foregoing reasons, the Court **RECOMMENDS** that Defendant's motion [D.E. 7] be **GRANTED in part** and **DENIED in part**.

- A. Defendant's motion to dismiss Count I should be **GRANTED without prejudice**. Plaintiff should be given fourteen (14) days to file an amended complaint.

- B. Defendant's motion for partial summary judgment and, alternatively its motion to dismiss, Count II should both be **DENIED**.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 30th day of April, 2018.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge